Leonard *v.* Leonard.

---

### WILLIAM H. LEONARD *vs.* AMASA LEONARD.

A right of way, as appurtenant to land, may be acquired by the adverse use, for twenty years together, of several persons in succession, who claim under the same title; and a grant of the land, "with the privileges thereunto belonging," to have and to hold the same "with all the privileges and appurtenances," by an owner who has commenced such use, constitutes a sufficient privity of estate to enable the purchaser to avail himself of his grantor's use.

TORT for breaking and entering the plaintiff's close. The defendant justified under a right of way. The situation of the premises is shown by the accompanying plan:

| B<br>Defendant's land. | Eaton to<br>Keith, 1831. | |
|---|---|---|
| C | | Bridgewater road. |
| A<br>Plaintiff's land. | | |
| Hall's Lane. | | |

At the second trial in the superior court, before *Lord*, J., after the decision reported in 2 Allen, 543, the plaintiff proved a *prima facie* case, and the defendant offered evidence tending to show that the two lots A and B always belonged to the same person until 1844, when B was purchased by the defendant, by a deed which conveyed the lot " with the privileges thereunto belonging," to have and to hold the same, " with all the privileges and appurtenances; " that the title to A afterwards became vested in the plaintiff, through mesne conveyances ; that C was never owned by the owner of A and B; that there was a cart way from bars on Hall's Lane across A and C to B, which had been used, under a claim of right, by all the successive owners of A and B to go to and from B, since 1796 ; and that these lots have passed from one to another, sometimes by descent and sometimes by grant, since 1796, no one person continuing to own them for twenty years. The defendant claimed a right of way over A by implied grant and by necessity ; and over C by prescription. There was also evidence tending to show that it was quite inconvenient to pass with teams from the westerly end of B to the Bridgewater road, the part of the lot near the road being marshy.

The judge ruled as follows : " If at the time the defendant took his deed there was no lawfully existing right of way over the lot C to his wood lot, and there was a way from his lot to the Bridgewater road, no right of way over the plaintiff's land would pass to the defendant by his deed, although there should be proved to be a plain cart way across the plaintiff's land to lot C, connecting with a way *de facto* across lot C, which the defendant's grantor was in the habit of using, either by permission of the owner or as a trespasser. In order to acquire by prescription a right of way as appurtenant to land, it is necessary that the same owner of the land should either by himself or those under him use the way for twenty years, and the use by successive owners is not sufficient, unless such owners shall use under a grant from the previous owner ; and the clause " with all the privileges and appurtenances " is not a grant of a way, unless before the grant the way had actually been acquired; and

the same rule applies between ancestor and heir. If, therefore, an owner of land uses a way over another's land for a term of years not sufficient to establish a right, and then sells the estate with no grant of the way, no right to the way passes to the grantee under the phrase " with all the privileges and appurtenances;" but, in order to enable the succeeding owner to avail himself of his grantor's use, there must be apt language in the deed to convey the right of way; and so if an ancestor, in the use of his own land, passes over the land of another for a term of years not sufficient to establish a right, and dies, and his land descends to his heir by mere operation of law, no right of way descends to the heir, and he cannot connect his own and his ancestor's use to make the term of twenty years."

The defendant declined to go to the jury under these rulings, and a verdict was returned for the plaintiff with nominal damages; and the defendant alleged exceptions.

*E. H. Bennett,* for the defendant. The use by ancestor and heir may be tacked. Co. Litt. 113 *b. Melvin* v. *Whiting,* 13 Pick. 184. *Ludlow* v. *McBride,* 3 Ohio, 241. *Williams* v. *McAliley,* Cheves, (S. C.) 200. *King* v. *Smith,* 1 Rice, (S. C.) 10. *Moffitt* v. *McDonald,* 11 Humph. (Tenn.) 457. *Hill* v. *Crosby,* 2 Pick. 466. *Sargent* v. *Ballard,* 9 Pick. 251. *Kent* v. *Waite,* 10 Pick. 138. *Williams* v. *Nelson,* 23 Pick. 141. Washburn on Easements, 108. 2 Greenl. Ev. § 543. 3 Kent Com. (6th ed.) 448. 2 Bl. Com. 264. 3 Chit. Pl. (6th Amer. ed.) 1119. The ruling was also wrong as applied to grantor and grantee. *Atkins* v. *Bordman,* 2 Met. 464. *Leonard* v. *White,* 7 Mass. 6. *Morris* v. *Edgington,* 3 Taunt. 24. *Pinnington* v. *Galland,* 9 Exch. 1. *Hinchliffe* v. *Kinnoul,* 5 Bing. N. C. 1. *James* v. *Plant,* 4 Ad. & El. 765. *Scheetz* v. *Fitzwater,* 5 Barr, 126. *Cunningham* v. *Patton,* 6 Barr, 355. *Valentine* v. *Cooley,* Meigs, (Tenn.) 613. *M'Iver* v. *Reagan,* Cooke, (Tenn.) 366. *Napier* v. *Simpson,* 1 Overton, (Tenn.) 448.

*C. I. Reed,* for the plaintiff. The instruction as to the right of way over A was correct. *Nichols* v. *Luce,* 24 Pick. 102. No right of way was acquired over C. Successive disseisors do not aid one another. When one of them ceases to occupy, the

true owner becomes seised again ; and although a new disseisor may enter immediately after the first, this constitutes a new disseisin, which must be continued for twenty years before a right will be acquired. This rule, however, does not apply where there is a privity of estate between the successive occupants. But this privity must exist in regard to the estate which is the subject of the prescription or disseisin. *Sawyer* v. *Kendall*, 10 Cush. 244. *Plumer* v. *Brown*, 8 Met. 578, 583. *Wade* v. *Lindsey*, 6 Met. 407. *Melvin* v. *Proprietors of Locks & Canals*, 5 Met. 32. *Allen* v. *Holton*, 20 Pick. 458. *Hurd* v. *Curtis*, 19 Pick. 459. *Ward* v. *Bartholomew*, 6 Pick. 409. Unless the right of way, for instance, has been acquired by twenty years' user, it does not pass by a conveyance of the land, or descend with it. There are *dicta* to the contrary, which are without foundation.

CHAPMAN, J. The first question that arises upon the state of facts presented by this bill of exceptions is, whether, at the time of the defendant's purchase in 1844, his grantor had acquired a right of way across C by adverse user. And this depends upon the decision of the question whether, in the acquisition of an easement of this character, the user of an heir may be tacked to that of his ancestor, or the user of a grantee to that of his grantor. If such right of tacking does not exist, then no adverse right had been acquired ; for between 1796 and 1844, a period of forty-eight years, no single owner of A and B had used the way across C for a sufficient length of time to acquire a right.

As to the acquisition of a title to land by adverse possession, the law is well settled. It is fully stated in *Sawyer* v. *Kendall*, 10 Cush. 241. The disseisin of an heir, devisee or grantee may be tacked to that of an ancestor, devisor or grantor to create such title.

It is, however, denied that this doctrine applies to the adverse use of easements. But its application to easements is sufficiently sustained by authority. In 3 Kent Com. (6th ed.) 443, 444, the doctrine is stated as follows : " To render the enjoyment of any easement for twenty years a presumption *juris et de jure*, or conclusive evidence of right, it must have been continued, uninterrupted or pacific, and adverse, that is, under a claim

of right, with the implied acquiescence of the owner. The term of enjoyment requisite for the prescription is deemed to be uninterrupted, when it is continued from ancestor to heir, and from seller to buyer." In *Hill* v. *Crosby*, 2 Pick. 466, a right of way was held to be thus acquired by the successive user of father and son. In *Sargent* v. *Ballard*, 9 Pick. 251, where a right to use a wharf and dock was claimed, the question was discussed elaborately, and the doctrine was laid down that the right of tacking exists between ancestor and heir, grantor and grantee. In *Kent* v. *Waite*, 10 Pick. 138, the doctrine was applied to a right of way, and in *Melvin* v. *Whiting*, 13 Pick. 184, to a right of fishery. In *Williams* v. *Nelson*, 23 Pick. 141, it was applied to the right of a mill-owner to flow the land of his neighbor above his mill; and his own flowing was tacked to that of his predecessors under whom he claimed.

There is no reason for making any difference in this respect between titles to land and titles to easements. If the title has its basis in a presumed grant, privity of user tends as strongly to prove such grant as privity of seisin. Or if the title has its basis in considerations of public policy, for the quieting of titles, that policy applies as well to the adverse user of easements for twenty years as to the adverse possession of land.

But it is contended that, in order to create a privity of user, the easement must be expressly mentioned in the deed and conveyed by it. In support of this position it is said that, until the lapse of twenty years, the adverse user consists merely of a series of tortious acts, none of which have created any right; and since no right of way is as yet legally appurtenant to the land, it will not pass as an appurtenance, and therefore the user of the purchaser is not in privity with the user of his grantor, but is wholly independent of it. The principle that a disseisor of land cannot tack his possession to that of a prior disseisor under whom he does not claim, and with whom he had no connection, as stated in *Melvin* v. *Proprietors of Locks & Canals*, 5 Met. 32, and the cases there cited, is said to be applicable to such a case as this. On the same ground it is contended that, upon the death of the person who has used the way for less than

twenty years, the subsequent user of his heir ought not to be tacked to his user, but is independent of it and disconnected with it, because, no right having been acquired by the ancestor, none could descend to the heir. The objection has apparently equal force in both cases, for in neither case does any title to the easement in express terms pass. Yet in the case of the heir it is settled by the authorities above referred to that his possession may be tacked to that of his ancestor. His user is regarded as a continuation of the user of his ancestor, on account of his privity of title to the land to which the easement has been claimed by both to be appurtenant. By the same course of reasoning the user of an easement by a grantee should be tacked to that of his grantor. It is a continuity of user under the same claim of title, though without any real transfer of title.

If we apply to it the theory of public policy for the quieting of titles, it presents a case where the owner of a tract of land has permitted the successive occupants of an adjoining lot, holding under one and the same title, to use a way over his land for twenty years, claiming that it was appurtenant to their lot, and without any objection on his part. His claim after that period is as stale in respect to the purchaser or heir as it would have been in respect to the original trespasser, and there is the same reason for closing the doors of the court against him in their favor as there would be in his favor. Or if we adopt the theory of a lost grant, which is the theory adopted in *Tyler* v. *Wilkinson,* 4 Mason, 397, and *Williams* v. *Nelson, ubi supra,* the privity of claim and its validity appear still more clearly. The lapse of twenty years has raised a conclusive presumption that a grant was made to the first occupant more than twenty years before. The constant user of the way is the proof of the grant. Of course, the whole occupation is presumed to have been under it.

In a similar manner the public may acquire a right of way over a man's land. In such a case the persons who use the way are separate and independent of each other, and until twenty years have elapsed each of them is a trespasser. Their only connection is by privity of claim. This is the tie which, after

Leonard *v.* Leonard.

the completion of twenty years, unites all their acts as conclusive evidence of a grant or dedication to the public.

In the present case it is to be remarked that it is not the owner of the lot C who denies the existence of the right of way. No proprietor of that lot appears to have denied it since 1796. But the denial comes from the owner of the lot A, whose grantors had successively used the way under claim of right, and at the time when the lot was sold to the defendant in 1844 the way had been thus used by them for a period of forty-eight years.

The court are of opinion that in 1844 the owner of A and B, when he sold the lot B to the defendant, owned as appurtenant to it a right of way to B across C, and that this right of way would pass by his deed to the defendant. But in order to make it of any use to the defendant, it was reasonably necessary to extend it across the grantor's own lot A to Hall's Lane. And if such extension of the way across his own land was reasonably necessary, the right would pass by his deed.

The question whether an easement passes from a grantor to his grantee as appurtenant to the land conveyed is not precisely the same as the question whether a right of way across the land of a stranger is created by necessity. The grantor's deed is to be most strongly construed against him ; and if an easement properly belongs to the granted premises, and has been used by him in connection with the premises, it ought to pass as appurtenant to the land granted, though it is not mentioned in the deed, and though it subjects his other land to the servitude. The fact that the easement has been thus used and is merely convenient is not sufficient. Its use in connection with the land conveyed must be reasonably necessary. And any easement, as for example a right of way or of drainage, which can be thus regarded, passes as an appurtenance without being named *Ewart* v. *Cochrane*, 7 Jur. (N. S.) 925. *James* v. *Plant*, 4 Ad. & El. 765. *Pyer* v. *Carter*, 1 Hurlst. & Norm. 916. *Salisbury* v. *Andrews*, 19 Pick. 250. *Thayer* v. *Payne*, 2 Cush. 327. *Huttemeier* v. *Albro*, 18 N. Y. 48. *New Ipswich Factory* v. *Batchelder*, 3 N. H. 190. *United States* v. *Appleton*, 1 Sumner, 192.

The right of way having passed to the defendant as appurtenant to the lot B, it is not necessary to discuss the other questions which have been argued.　　　*Exceptions sustained.*