## BETSEY E. GREEN, Respondent, *v.* WILLIAM COLLINS, Appellant.

*Conveyance of a house, "with the appurtenances" — a covenant of warranty in a deed covers the case of the failure of the grantor's title to an apparent easement.*

The defendant conveyed a house and lot, "with the appurtenances," to the plaintiff by a deed containing the usual covenant of warranty. At the time of the conveyance there was a water-closet and bath-room in the house, the discharge pipes from which connected with a sewer leading from the said premises to and upon the adjoining lands which were owned by one Albertson. Subsequently Albertson sued the plaintiff and recovered a judgment perpetually enjoining her from using the said sewer.

In this action brought by the plaintiff to recover damages for a breach of the covenant of warranty contained in the deed from the defendant, *held,* that she was entitled to recover. (LEARNED, P. J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

In April, 1873, the defendant sold and conveyed to the plaintiff certain real estate in the city of Troy, consisting of a dwelling-house and lot, for the sum of $10,500, " with the appurtenances," the deed whereof contained the following covenant : " And the said William Collins doth hereby covenant and agree to and with the said party of the second part, her heirs and assigns, that the premises thus conveyed in the quiet and peaceable possession of the said party of the second part, her heirs and assigns, he will forever warrant and defend against any persons whomsoever, lawfully claiming the same or any part thereof."

Upon the trial of this action evidence was given tending to show that there was at that time a privy, or water-closet and bath-room, in the said dwelling-house, properly connected by means of discharge pipes with a sewer leading from the premises to and upon certain lands owned by one John P. Alberston, through which the water and filth from said water-closet and bath-room were discharged.

The plaintiff went into possession under her deed, and immedi-

ately began the use of the sewer in connection with the water-closet and bath-room.

Afterwards Albertson, on whose land the sewer discharged, sued the plaintiff, and after trial recovered a judgment perpetually restraining her from such use of the sewer.

This action was thereupon brought to recover the damages sustained by the plaintiff in consequence of the breach of the covenant contained in the deed.

The jury rendered a verdict in favor of the plaintiff for $2,000.

*R. A. Parmenter*, for the appellant.

*Edgar L. Fursman*, for the respondent.

BOARDMAN, J. :

The verdict of the jury is conclusive upon the facts. There was evidence enough to sustain it. The water-closets and sinks were connected with the sewer when Collins conveyed to plaintiff. It was an apparent appurtenant to the property sold. The plaintiff had the right to believe she was buying the use of the sewer for a drain to water-closets and sinks. In fact, defendant had no such right as he had conveyed, as was shown by the Albertson judgment. The defendant had given a deed to plaintiff with covenant for quiet enjoyment. There was a breach of this covenant when Albertson recovered against plaintiff, and the use and enjoyment of the sewer was enjoined. The defendant became thereby liable for damages. He has not settled with, or paid, plaintiff for her damages. The amount of her damages was $2,000.

These are the facts, as found by the jury, on conflicting evidence. These facts must be assumed to be true for the purposes of this appeal.

The claim that no easement was conveyed, because defendant had none, is true. But the use made thereof is fallacious. The deed, by its terms, conveys whatever was, in fact, appurtenant to the premises. This general right of sewerage was apparently such an appurtenant. Plaintiff bought relying upon appearances. Defendant covenanted she should have and enjoy what she was buying. It was held in *Thayer* v. *Payne* (2 Cush., 327) that if

the use of the drain was necessary to the beneficial use of the premises granted it passed by the conveyance. If the house and lot were conveyed in terms no one, I think, will dispute the correctness of this decision by PRATT, J., in *Tabor* v. *Bradley* (18 N. Y., 114). So, in *Huttemeier* v. *Albro* (18 id., 51), "it is a general rule that upon a conveyance of land whatever is in use for it, as an incident or appurtenance, passes with it." Whether such use is embraced in a deed is a question of construction. But, if it is, the conveyance is as absolute as though specially named and described. Hence an action for a breach of covenant may be maintained for an appurtenant not described, as well as one described, in the deed. If an easement of a right of way were conveyed, though without title in the grantor, no one can doubt he would be liable on his warranty. Any other holding would be destructive of all value in covenants for quiet enjoyment. The covenant operated upon everything which would have passed by the deed had defendant owned. RUGGLES, J., says, in *Mott* v. *Palmer* (1 N. Y., 569), "a deed passes all the incidents to the land, as well as the land itself, and as well when they are not expressed as when they are." Again, at pages 571 and 572, the learned judge shows the fallacy of defendant's claim that Collins could not convey, as an appurtenant to land, a right which he did not own, so as to become liable on his breach of covenant. (See, also, opinions of BRONSON, J., pp. 573–574, and JOHNSON, J., p. 575.)

The case of *Mott* v. *Palmer* arose under a covenant of seizure. The same principles, however, apply in case of a covenant for quiet enjoyment. The only essential difference relates to the time when a breach of the covenant occurs. The covenant of seizure is broken, if at all, instantly, while the covenant for quiet enjoyment is not broken until possession or right to use is disturbed.

Neither of the exceptions to the rejection of evidence offered by the defendant seems to possess any merit. The evidence of depreciation of value in real estate, after plaintiff acquired title, was quite immaterial. Nor was it competent to show defendant's opinion that he did not consider himself liable.

The amount of damages recovered seems large, but not so large or unreasonable as to show prejudice, passion or mistake.

The charge of the learned judge was clear and fair ; the law was correctly laid down. The jury has disposed of the facts. It is not a case showing any error for which a new trial should be granted.

The judgment and order are therefore affirmed, with costs.

BOOKES, J., concurred.

LEARNED, P. J. (dissenting).

The rights of the parties are in no way affected by the words " with the appurtenances " contained in the deed executed by the defendant to plaintiff. Without those words the deed would convey the appurtenances. (*Huttemeier* v. *Albro*, 18 N. Y., 48; 3 Wash. R. Prop., 394 [4th ed.].) With them, it does no more. Whatever is, in fact, appurtenant to the principal thing, passes by a conveyance of it.

Again, this action is not brought on the ground of fraud or false representation. It is an action upon a breach of the covenant in the deed. What was said at the time by the parties seems to be of no consequence. (*Mott* v. *Palmer*, 1 N. Y., 574.)

Now it is admitted by the plaintiff, because it is the very ground of the complaint, that the alleged easement, viz. : the right to use the sewer over Albertson's land was not in fact appurtenant to the premises, because no such easement in fact existed, and, therefore, none passed by the deed. The claim of the plaintiff, therefore, is that the covenant of warranty, contained in the deed, is a covenant to defend the grantee in the possession, not merely of the land conveyed, but of any easement which, at the time of the execution of the deed, appeared to be appurtenant to the land.

There might be a case where an easement was in fact appurtenant to the land conveyed, and where the grantor's title to the land failed, and the grantee was evicted of the land and of the easement appurtenant thereto ; but that is not the present case. So, too, there might be a case where the grantor should, in express words, describe a certain easement and should warrant the same to the grantee ; but neither is that the present case. The grantor did not, in this case, warrant the easement, unless a general

warranty of the premises is a warranty of every easement which, at the time, has the appearance of being appurtenant thereto, although, in fact, it is not so appurtenant. I find no authorities to sustain this doctrine. *Thayer* v. *Payne* (2 Cushing, 327) only holds that when, at the time of executing a deed, there is a drain through other land of the grantor, the grantee may enter on such land to open the drain. In one respect this Massachusetts decision is contrary to the law of this State, because the deed in that case was executed in pursuance of a contract to convey, made eight years before, and there was no evidence of the existence of the drain at the time of the contract. (*Simmons* v. *Cloonan*, 47 N. Y., 3.) But, passing over the prior contract to convey, the doctrine of *Thayer* v. *Payne* is that of *Lampman* v. *Milks* (21 N. Y., 505), and merely decides the right of the grantee in respect to an easement existing in fact over other lands of the grantor. It holds that such easement is in fact conveyed by the deed, or at least that the grantor is estopped from denying the grantee's right to such an easement.

The case of *Tabor* v. *Bradley* (18 N. Y., 114), held that the conveyance did not carry the privilege of flooding other land of the grantor as appurtenant.

*Huttemeier* v. *Albro* only decides that things actually appurtenant pass with the principal, which is not disputed.

*United States* v *Appleton* (1 Sumn., 492) holds only the same doctrine with *Lampman* v. *Milks*, (*supra.*)

*Meyer* v. *Betz* (3 Robt., 172) holds only, that the legal presumption is, that a conveyance of the fee of land carries with it the buildings thereon, which doctrine no one ever denied. *Mott* v. *Palmer* (1 N. Y., 564) held that there was a breach of the covenant of seizin, where the grantor was not the owner of a fence which stood on the land. But the learned Judge RUGGLES remarks especially that the fence would have passed, not by force of the word *appurtenances*, but as part of the land. And Judge BRONSON repeats the same idea, that the fence was a part of the land; the same as trees, herbage, buildings, mines and quarries. The fence was not an *appurtenant* to the land, but was "land" itself. So that Judge BRONSON remarks that, if the fence had been expressly excepted by parol, from the operation of the grant

and covenant, such exception would have been no answer to the action. That decision, therefore, only holds that a fence standing on land is a part of the land, and is included within the language of a deed which describes such land. It does not decide that an easement which appears to be, but is not, in fact, appurtenant to the land, is warranted by a general covenant of warranty of the land. No one denies that if I convey, with warranty, land which does not belong to me, I am liable.

The foregoing are the only cases relied on by the plaintiff.

In the case of *Burke* v. *Nichols* (2 Keyes, 670), a deed had been executed with full covenants. There was a house upon the land conveyed, and that house projected some four feet over an adjoining lot. The grantee had been evicted from that part of the house which projected over the adjoining lot. It was held that the grantor was not liable on his covenants in the deed. Now, the projection of a part of a house, as for instance the eaves, over another's land, with the consequent right of drip, is not an uncommon easement appurtenant to the land. This case, therefore, illustrates the doctrine that a mere general warranty does not cover things which, as matter of right, are not appurtenant to the premises conveyed.

In the case of *Booth* v. *Alcock* (L. R., 8 Ch. App., 663), a lessor granted a lease of a house with its appurtenances, among which lights were specified. At the time of the grant he held an adjoining house for a term of years. He subsequently acquired the reversion, expectant on the term, of the adjoining house, and, after the expiration of the term, he proceeded to build on the site of the adjoining house in a manner which might interfere with the lights of the demised house. Held, that he was not prevented from so doing; that the general words in a grant must be restricted to what the grantor then had power to grant, and will not extend to what he may subsequently acquire. In this case lights were expressly mentioned. Yet the lessee obtained only such rights as the lessor had at the time, and could not control even such as the lessor afterwards acquired. As the lessor warrants what he leases, it must have been held that such implied warranty only applied to such rights and easements as he then had power to grant. But if his lease bound him to warrant the

*apparent* easement, he would not have been permitted to assert his subsequently acquired rights to the prejudice of that easement. Much less, then, would the lessor have been liable for the acts of third parties.

In the case of *Leech* v. *Schweder* (L. R., 9, Ch. App., 463), there was a demise of premises "with all lights, easements, advantages and appurtenances," and a covenant of quiet enjoyment. The judges in their opinion say that the covenant of quiet enjoyment does not enlarge that which was previously granted; that the grant of lights is " the grant of that which had, *in law*, an existence as an easement over another man's property at the time when the grant was made."

In the case of *Philbrick* v. *Ewing* (97 Mass., 133), the defend-ant had conveyed to the plaintiff a house and lot with covenant of warranty. There was a lead pipe which conveyed the water to the house from an aqueduct, across land of a third person. The grantor cut off the pipe and carried it away. It was held that the deed conveyed the pipe as a part of the house, but not the right to draw water through it, because that did not belong to the grantor.

In the present case the covenant of the defendant was to warrant and defend " the premises thus conveyed." What, then, according to the language of the deed, did the defendant purport to convey ? A house and lot as described. Now, if he had used no other words, could it be said that, by the language of the deed, he purported to convey the sewer in question ? Certainly not. Nor by adding the words " with the appurtenances " did he, as above shown, give any other or greater effect to the deed. For the very meaning of that word " appurtenances " is that which *legally* belongs to the principal thing, and therefore passes with it.

Bearing in mind that this is an action on the covenant, and not for fraud, it will be seen that, on the principle decided in the court below, the plaintiff would have been entitled to recover even if it had been proved beyond doubt that she had been told by the defendant, at the time of the contract, that he did not own and did not intend to convey the alleged easement. For in the case of *Mott* v. *Palmer* (*ut supra*) it was correctly said by

Judge BRONSON that even a parol exception would not avail in an action on the covenant.

For these reasons I think the judgment should be reversed.

Judgment affirmed, with costs.