JOHN P. VIDVARD, APPELLANT, *v.* DANIEL J. CUSHMAN, RESPONDENT.*

*Lease — what are included in the demised premises — when the lessee's right to use a stairway is exclusive.*

October 25, 1878, the plaintiff procured a lease of two stores in a block consisting of five, which was known as "Reynolds' Building," for the term of three years, the premises being described as "the stores known as Nos. 25 and 27 John street, in said city of Utica, including the basement and the first floor above said basement, and the second, third and fourth stories above said basement, with the appurtenances," etc. Each store was separated from the others by a brick wall extending from the basement to the roof, and in each was originally a stairway extending from the first floor to the attic. In December, 1878, the owner of the stores leased No. 29 to the defendant, agreeing to take out the stairs in that store, cut a hole through the wall so as to communicate with the stairs in No. 27, and to give him the right to use the same. Thereafter the defendant entered into possession of No. 29, and having leased from the plaintiff the third floor of Nos. 25 and 27 was allowed by him to use, without objection, the said stairs in No. 27. Upon the expiration of this lease, the plaintiff, having refused to allow the defendant to use the stairs, brought this action to restrain the defendant from attempting to remove obstructions, placed by the plaintiff therein with the intention of closing the same.

*Held,* that the stairs were included in the premises leased to the plaintiff, being covered by the general descriptive words in the lease contained; that his right to the use thereof was exclusive, and that the lessor could not thereafter confer upon the defendant any right to use the same.

APPEAL from two orders granted by Mr. Justice MERWIN, at Chambers, the one dissolving an injunction in favor of the appellant

---

* The case of *Daniel J. Cushman, Respondent,* v. *John P. Vidvard, Appellant,* was decided with this case.

Vidvard, restraining the respondent Cushman from using the stairway in the stores known as Nos. 25 and 27 John street, in the city of Utica; the other granting an injunction restraining Vidvard from interfering with Cushman's use of the same stairway.

The affidavits read by the parties tended to prove the following facts: The "Reynolds Building" is a large business block, situated on John street, in the city of Utica. As originally constructed it was divided into five stores, each being separated from the adjoining stores by a brick division wall eighteen inches in thickness, extending from the floor of the basement to the roof, and each being provided with a stairway from the first floor to the attic.

On the 25th of October, 1878, John P. Vidvard leased the double store known as Nos. 25 and 27, for the term of three years, with the privilege of five, the description in the lease being in the following language: "The stores known as Nos. 25 and 27 John street, in said city of Utica, including the basement and the first floor above said basement, and the second, third and fourth stories above said basement, with the appurtenances," etc.

The stairway in question commences on the first floor of No. 27; it rests on one side against this division wall; on the other side there is a thin plastered partition up to the second floor, and above that floor is a slight board partition. At the time of the lease to Vidvard there was no other stairway in his store.

On the 1st of December, 1878, Cushman leased No. 29, which, at the time of the lease to Vidvard, and as late as December 15, 1878, had its own stairway extending to the attic; there was also a stairway in No. 31 for the use of the tenants of that store.

The lease to Cushman gave him equal rights and privileges to the use of the said stairway in No. 27. Doors were made on the first floor and had before existed on the upper floor, communicating from Nos. 29 to 27.

Soon after Cushman occupied No. 29 he entered into negotiations with Vidvard for the use of the third floor over Nos. 25 and 27, which culminated in a lease of that floor, dated in February, 1879. While Cushman was Vidvard's tenant he had the free use of Vidvard's stairway without hindrance or molestation. Thereafter Cushman had the door cut through the brick wall and the stairway in No. 29 removed. In June, 1880, the owners of the building

took out the brick division wall between Nos. 29 and 31, thus making one large store, and on the 1st day of July, 1880, they gave Cushman a lease of this double store.

In the latter part of July, 1880, Vidvard laid a floor over the opening made by the stairway in the second story of his store. After this was done, Cushman threatened forcibly to remove the flooring, and in order to prevent him from doing so Vidvard obtained an injunction. Cushman moved to dissolve this injunction, and also moved for an order restraining Vidvard. His motion was granted in both particulars, and from the orders so made an appeal is taken by Vidvard to this court.

*Alfred C. Coxe*, for the appellant.

*Risley & Stoddard*, for the respondent.

HARDIN, J.:

Both parties are tenants in the Reynolds Building, situated on the west side of John street in the city of Utica, and derive their leases from the same source. The lease executed to the plaintiff was prior in point of time to that of the defendant. It was made October 25, 1878, and the descriptive clause therein read, viz.: " The stores known as Nos. 25 and 27 John street in the city of Utica, including basement and the second, third and fourth stories above said basement, with appurtenances." Confessedly, the stairway in question is located and in store No. 27 and next south of the main wall dividing stores Nos. 27 and 29.

The general words of the lease to the plaintiff presumably cover all of the store known as No. 27, all of the first floor of No. 27, all of the second floor of No. 27, and all of the third floor of No. 27, and in terms no reservation to the proprietors of the store is contained in the lease. (*Hay* v. *Cumberland*, 25 Barb., 595.) The proprietors of the stores therefore in terms leased unto the plaintiff all the space between the division or partition wall erected between store No. 27 and store No. 29.

The use made by the defendant of the stairway situated in No. 27 cannot aid the defendant in asserting a construction of the lease of October 25, 1878, to the plaintiff, as the right to use and have

and enjoy all of No. 27 was given to the plaintiff, and, therefore, when the defendant became a tenant of one floor of No. 27 he took as an incident and appurtenant to such use the privileges of the stairway. But such privileges cannot be for that reason attached to the right of defendant to use No. 29 under a lease taken from the proprietors of the buildings after the lease made by them to the plaintiff.

The proprietors had carved out of their property all of Nos. 25 and 27, and after that they could give to the defendant no greater or further rights or privileges than remained to them. The original construction of store twenty-nine was such that access could be obtained from the ground to the upper floors without entering upon No. 27. The temporary disuse of such means of access, and the temporary use of No. 27, cannot aid the defendant in asserting a permanent right to use the stairway of No. 27, after the proprietors had leased the same to the plaintiff. The learned judge who granted the injunction concedes, in his opinion, that the lease of twenty-seven is broad enough to carry to the tenant the right to use the stairway situated in No. 27. Why is this so? Is it not because the stairway was covered by the general description words found in the lease. If that be so, we see nothing in the words used which restricts the use to one in common with the proprietors or their tenants of Nos. 29 and 31. The general words carried to the plaintiff exclusive rights, and in order to make his rights subject to a common use, apt and limiting words should have been used.

We are referred by the learned counsel for the respondent to *Lampman* v. *Milks* (21 N. Y., 505) for the general rule in respect to easements which are continuous. It is quite clear that the easement sought to be established in this case would be a discontinuous one; and as it was not necessary to the enjoyment of the property, the rule laid down in that case has no application here. (*Roberts* v. *Roberts*, 7 Lans., 57.) The construction contended for by the respondent must fail, as the stairway in question was not necessary to the enjoyment of store twenty-nine, and did not attach as an incident and appurtenant of store twenty-nine. (*McDonald* v. *Lindan*, 3 Rawle, 492; McAdam on Landlord and Tenant, 161; *Simmons* v. *Cloonan*, 47 N. Y., 14; *Huttemeier* v. *Albro*, 18 id., 48; *Havens* v. *Klein*, 51 How., 85.)

The practical incidents belonging to property of the block at the time the appellant's lease was executed, indicate that the stores which the respondent occupies could be enjoyed independent of the property leased to the appellant. The lease to the appellant cannot, therefore, be considered as reserving to the proprietors an easement in the premises demised to the appellant. (18 N. Y., 51, and 4 Kent's Com., 467.)

It is here claimed that the appellant released his claim to an exclusive right to the stairway for a consideration of thirty-five dollars. This claimed release is fully denied by the appellant; and the opinion given at the time the injunction was ordered does not, in terms, refer to that question of fact between the parties. Perhaps it might be implied that the judge found for the appellant upon that issue of fact.

However that may be, we do not think we are called upon to pass upon that question here. It will more appropriately be determined when the cause shall be tried. Suffice it to say that the respondent's claim in that regard is fully denied by the appellant, and we ought not to uphold the injunction upon the ground put forth by the respondent in reliance upon the fact thus asserted by him and controverted by the appellant. We prefer to put our decision upon the first ground discussed, and leave the question of release or not open for the trial court. We should reverse the order so far as it is brought up by this appeal.

So much of the order as is appealed from reversed, with ten dollars costs and disbursements.

TALCOTT, P. J., and RUMSEY, J., concurred.

So much of the order in each case as is appealed from reversed, with ten dollars costs and disbursements in one case only.