ANNA MARIA HOCH AND OTHERS, RESPONDENTS, v. THE METROPOLITAN ELEVATED RAILWAY COMPANY AND ANOTHER, APPELLANTS.

*Damages — easement — abandonment of — where acted upon it becomes an irrevocable license.*

In an action brought to recover damages resulting from past trespasses of an elevated railroad, in the city of New York, in impairment of easements appurtenant to certain real property, it appeared that the premises were conveyed, in December, 1883, by a deed stating that they were granted "in the condition in which the same now are;" and the trial court found that the elevated road at that date was constructed, maintained and operated in front of said premises by virtue of some estate, license or authority from plaintiffs' grantor.

*Held,* that the construction of the elevated road, under some estate, license or authority from the plaintiffs' grantor, amounted to an abandonment of the easement by such grantor to the elevated road.

That as such abandonment had been acted upon by it, it became, as to the road, an irrevocable license.

The distinction between a license which requires for its enjoyment an interest in land and one relating only to an abandonment of an easement, considered as to their revocability.

*Wiseman* v. *Lucksinger* (84 N. Y., 38) distinguished.

APPEAL by the defendants, the Metropolitan Elevated Railway Company and the Manhattan Railway Company, from a judgment in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 8th day of January, 1890, after a trial at Special Term in said county.

*B. Tolles*, for the appellants.

*E. W. Tyler*, for the respondents.

VAN BRUNT, P. J.

This action was begun, in 1888, by John C. Hoch to recover past damages and to obtain an injunction as to the property 133 South Fifth avenue, upon the ground of the trespass of the defendants upon the easements appurtenant thereto.

It appeared from the evidence in the case, that Hoch purchased the premises in question in December, 1883, his grantors conveying the premises "in the condition in which the same now are," and the court found that the defendants' railroad was constructed, maintained and operated by virtue of some estate, license or authority derived from the plaintiffs' predecessor in title.

Past damages and an injunction were also sought for the premises No. 104 West Third street, also purchased by the plaintiff, in December, 1887. The plaintiff tore down an old building which was upon the premises, and in May, 1888, began the erection of a five-story enement-house, which was completed by the first of November, 1888. His grantor, Margaret D. Griswold, had commenced an action against the defendant to recover the permanent depreciation caused to these premises by the railroad, and her deed contained a reservation of any rights or action at law or in equity for damages caused by the railroad prior to or during her ownership of said premises. Hoch having died during the progress of the action, the present plaintiffs, individually and as executrices and trustees under the will of Hoch, were by order substituted as plaintiffs and the action revived.

The court held, as to both pieces of property, that the plaintiffs were entitled to recover for past damage, and also assessed a sum upon the payment of which the defendant should be entitled to a conveyance of the easements, in default of which it was decided that the plaintiffs were entitled to an injunction. The first question presented is that there can be no recovery of past damages, and no injunction as to 133 South Fifth avenue, the court having found that the erection of the defendants' railroad was duly licensed and authorized by the then owner of said premises.

This point, we think, is well taken. It appears, by the convey-

ance to Hoch, that the said premises were conveyed in the condition in which they then were, with the railroad constructed and the easements appropriated. Such a deed conveys every easement appurtenant to the premises conveyed which the grantor owned or was entitled to recover; as easements always follow the principal estate. (2 Hilliard on Real Property [3d ed.], 556; *Huttemeier* v. *Albro*, 18 N. Y., 48; *Hills* v. *Miller*, 3 Paige, 254.) Consequently, if nothing had been done by the original plaintiff's predecessor to affect his claim to such easement, it clearly passed with the conveyance to him as appurtenant to the estate conveyed. But the court having found that the defendants' railroad was constructed, maintained and operated by virtue of some estate, license or authority derived from the original plaintiff's predecessor in title, there appears to have been an abandonment of such easement by the owner of the title for the purposes of the construction of the defendants' railroad. And that the right to an easement may be lost and extinguished by abandonment is held in the case of *Snell* v. *Levitt* (110 N. Y., 595), in which the principle is laid down that while an easement acquired by grant cannot be lost by mere non-user for any length of time, it may be extinguished by abandonment; and non-user for a period of twenty years, under circumstances showing an intention to surrender the easement, is sufficient to extinguish it. And the further principle is laid down that, where the abandonment has been acted upon by the owner of the servient tenement so that it would work harm to him if the easement were thereafter asserted, such action will operate to extinguish it.

In the case at bar, it having been found that the defendants' railroad was constructed by virtue of a license from the original plaintiff's predecessor in title, so far as it affected these easements, it was clearly an abandonment by the owner of such easements which have been acted upon by the defendants; and was, therefore, a license which was irrevocable.

It is true that, in the case of *Wiseman* v. *Lucksinger* (84 N. Y., 38), it was held that a right of drainage through the lands of another is an easement which, if created by parol license, may be revoked at any time, although a valuable consideration be paid therefor. But that decision was clearly based upon the principle that such an easement required for its enjoyment an interest in the lands which

could not be conferred by parol license, and could only be granted by deed or conveyance in writing. The defendants are not seeking by reason of this license to establish any interest in lands. All that they claim is, that, so far as is necessary for the operation of their railroad, there has been an abandonment of the easement appurtenant to the premises in question by the then owner thereof, and that they have acted upon the same.

Under these circumstances, it seems to be clear that the right of revocation does not exist. It may be true that error was committed in admitting the evidence tending to interpret the language of the deed given of the premises in question ; but a further reference to this point is not deemed necessary in view of the conclusion to which we have come upon the question already discussed. The claim that the defendants' railroad is located on the central strip of South Fifth avenue, and that no rights of the plaintiffs are interfered with, cannot be sustained in view of the recent decisions of the Court of Appeals as to the rights of abutting owners upon streets.

The claim that the reservation in the deed in respect to the West Third street property precluded the plaintiff from maintaining this action as to these premises cannot be sustained. Although the parties may have agreed that the permanent damages might be considered in the action brought by the previous owner, yet the court having refused to submit any such question to the jury, and no such question having been submitted to them, it is difficult to see how anybody's rights were precluded by a verdict in an action upon an issue which the record shows the court never submitted to the jury.

The parties stood, after this trial, precisely as though there had been no attempt to include permanent damages as part of the recovery in the action. Various exceptions to the admissibility of evidence were taken which it is not necessary to discuss, in view of the conclusion at which we have arrived in reference to the South Fifth avenue property.

We think, for the errors adverted to in respect to that property, the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed and a new trial ordered, with costs to the appellant to abide event.